■ In the Matter of RANDOLPH ROSSI, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [916 NYS2d 282]—

Appeal from a judgment of the Supreme Court (Donohue, J.), entered December 18, 2008 in Albany County, which, among other things, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Central Office Review Committee denying petitioner's grievance.

Petitioner, a prison inmate, has refused to voluntarily be placed in double-cell housing—where two inmates are placed in a cell originally intended for one—and, as such, his repeated requests to be transferred to a facility nearer his home have been denied (see 7 NYCRR 1701.2, 1701.5 [b] [2] [iii]). He grieved those denials, attacking the validity of the regulations permitting double-cell housing. The grievance was denied by the Central Office Review Committee, and petitioner responded by commencing the present CPLR article 78 proceeding. Supreme Court, among other things, dismissed the petition, and petitioner appeals.

As petitioner failed to meet his heavy burden of showing that the regulations lacked a rational basis and were "unreasonable, arbitrary or capricious," we affirm (Matter of Consolation Nursing Home v Commissioner of N.Y. State Dept. of Health, 85 NY2d 326, 331 [1995]). Unlike a prior regulatory effort to convert cells intended for one inmate into double-cell housing that we found to be irrational, the present regulations specify an objective standard for implementing that conversion, such as setting the minimum square footage per inmate (see Correction Law § 45 [6]; 7 NYCRR 1701.2, 1701.3 [c]; 9 NYCRR 7621.6; cf. Matter of Law Enforcement Officers Union, Dist. Council 82, AFSCME, AFL-CIO v State of New York, 229 AD2d 286, 291-292 [1997], lv denied 90 NY2d 807 [1997]).* Petitioner has further failed to demonstrate that the minimum size requirements imposed by the regulations lack a rational basis, particularly as he was free to refuse double-cell housing and forego transfer to a facility where single-cell housing is scarce (see e.g. Rhodes v Chapman, 452 US 337, 348-349 [1981]).

We have examined and are unpersuaded by petitioner's remaining argument.

Mercure, J.P., Lahtinen, Kavanagh, McCarthy and Egan Jr.,

---

* Petitioner disclaims any constitutional challenge to the minimum square footage requirement, but we note that "there is no constitutionally mandated minimum square footage for living space afforded to inmates in correctional facilities" (Matter of Law Enforcement Officers Union, Dist. Council 82, AFSCME, AFL-CIO v State of New York, 229 AD2d at 291 n).

JJ., concur. Ordered that the judgment is affirmed, without costs.